UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| PATRICIA ADAMS, *et al.*, | : | Case No. 1:18-cv-475 |
| Plaintiffs, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| CINCINNATI CHILDREN'S | : | |
| HOSPITAL MEDICAL CENTER, | : | |
| Defendant. | : | |

**ORDER DENYING PLAINTIFFS' MOTION
FOR LEAVE TO AMEND (Doc. 8) and
GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 5)**

This case is before the Court on Plaintiffs' motion to amend the Complaint (Doc. 8) and the parties' responsive memoranda (Docs. 9, 10), as well as Defendant's motion to dismiss Plaintiffs' Complaint (Doc. 5) and the parties' responsive memoranda (Docs. 6, 7).

### I.  INTRODUCTION

From on or about January 1, 2009, until on or about September 13, 2009, and at all times relevant, Plaintiffs were residents of states other than Ohio and had surgery performed at West Chester Hospital, Good Samaritan Hospital, The Christ Hospital, and other hospitals in Hamilton County or Butler County, Ohio, by Dr. Abubakar Atiq Durrani. (Doc. 8-1 at ¶ 2). Plaintiffs allege all of their surgeries were unnecessary, nonindicated, and induced by Durrani through fraud. (*Id.*)

Durrani was an employee of Defendant Cincinnati Children's Hospital Medical Center ("Children's") from 2005 through on or about December 31, 2008, when his admitting privileges terminated. (Doc. 8-1 at ¶¶ 6, 9). During this time, Plaintiffs allege Durrani performed hundreds of medically unnecessary, negligent, reckless, fraudulent, and improper surgeries on children and adult patients, and Children's received numerous complaints and lawsuits concerning Durrani's professional negligence and improper and fraudulent medical treatment, including from its own physicians. (*Id.* at ¶ 8).

Plaintiffs claim Children's knew that, during his time at Children's, Durrani had a practice of performing unnecessary and fraudulent surgeries and that his patients had experienced a disproportionate number of severe complications, including death and paralysis, that would be deemed unacceptable by the medical community. (Doc. 8-1 at ¶ 15). Plaintiffs allege Children's knew Durrani planned to continue performing spine surgeries at other Cincinnati-area hospitals after leaving Children's, should have known Durrani had no intention of changing his practice of performing fraudulent surgeries, and should have foreseen that Durrani's practices would injure Plaintiffs. (*See* Doc. 8-1 at ¶¶ 22-23).

Plaintiffs were not patients of Durrani's at Children's; each Plaintiff underwent surgery from Durrani at other Cincinnati-area hospitals after he left Children's. Plaintiffs claim Children's concealed the wrongful conduct Durrani engaged in while he was at Children's and misrepresented the reason for his departure. Plaintiffs argue that, had Children's reported and not concealed Durrani's wrongful conduct, he would not have

gone on to receive privileges at other Cincinnati-area hospitals after his departure, and accordingly, "Plaintiffs would not have received treatment from Durrani." (Doc. 8-1 at ¶ 60).

On July 18, 2018, Plaintiffs commenced this lawsuit by filing a Complaint with one count, for fraud. (Doc. 1). Defendants subsequently moved to dismiss the Complaint (Doc. 5).

After Defendants' motion to dismiss was briefed, Plaintiffs requested leave to file an Amended Complaint. (Doc. 8). Plaintiffs' Amended Complaint asserted claims for constructive fraud and failure to report Durrani. (Doc. 8-1).

Accordingly, the issues before the Court are: (1) whether Plaintiffs should be granted leave to file the Amended Complaint and (2) if not, whether Plaintiffs' original Complaint states a plausible claim for relief.

## II. STANDARD

Pursuant to Fed. R. Civ. P. 15(a), "leave to amend a pleading shall be freely given when justice so requires." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (citing *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). Rule 15(a) embodies "a liberal policy of permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987). In deciding a party's motion for leave to amend, the Court of Appeals for the Sixth Circuit has instructed that district courts must consider several elements, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by

previous amendments, undue prejudice to the opposing party, and futility of amendments . . . ." *Id.*

A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst., LLC v. Med. Mut. Of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010). For purposes of a motion to dismiss, the Court must view the complaint in the light most favorable to the non-moving party and take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Ultimately, determination of whether justice requires the amendment is entrusted to the sound discretion of a district court. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).

### III. ANALYSIS

**A. The claims in Plaintiffs' Amended Complaint are barred by the statute of repose.**

Defendants argue Plaintiffs' claims are time-barred by Ohio's four-year statute of repose for, *inter alia*, "medical claims:"

> No action upon a medical, dental, optometric, or chiropractic claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim.

Ohio Revised Code § 2305.113(C).

A "medical claim" is defined as:

> [A]ny claim that is asserted in any civil action against a
> physician, podiatrist, hospital, home, or residential facility,
> against any employee or agent of a physician, podiatrist,
> hospital, home, or residential facility, or against a licensed
> practical nurse, registered nurse, advanced practice registered
> nurse, physical therapist, physician assistant, emergency
> medical technician-basic, emergency medical technician-
> intermediate, or emergency medical technician-paramedic,
> and that arises out of the medical diagnosis, care, or treatment
> of any person.

Ohio Revised Code 2305.113(E)(3).

Ohio's First District Court of Appeals has held, on multiple occasions, that tort claims premised on a lack of obtain informed consent constitute "medical claims."

In *Hensley v. Durrani*, 1st Dist. Hamilton No. C-130005, 2013-Ohio-4711, the trial court granted summary judgment on plaintiff's medical malpractice claim against Durrani, finding the claim barred by the statute of limitations. Plaintiff appealed, arguing *inter alia* that the trial court erred in not allowing plaintiff to amend her complaint to add a fraud claim (which is subject to a longer statute of limitations). Plaintiff's proposed fraud claim alleged "Durrani committed fraud by misrepresenting her need for surgery, by failing to disclose that BMP would be used and also the risks associated with BMP, and by failing to disclose information relating to his competence to practice medicine and professional history." *Hensley*, 2013-Ohio-4711 at ¶ 17.

The *Hensley* court held plaintiff's proposed fraud claim, though styled as a tort, was actually a "medical claim" because it challenged the lack of informed consent:

5

> Here, Ms. Hensley's allegations go squarely to her diagnosis, care and treatment. In essence, she alleges that Dr. Durrani committed fraud by recommending unnecessary surgery and by not telling her that the procedure he intended to use was risky and untested, and that his record as a doctor was not unblemished. **Clever pleading cannot transform what are in essence medical claims into claims for fraud**. The allegation about misrepresentations concerning the medical necessity of surgery is simply an attack on Dr. Durrani's 'medical diagnosis.' R.C. 2305.113(E)(3). **And questions about additional disclosures and representations about BMP and Dr. Durrani's past record go to whether Dr. Durrani failed to disclose 'material risks and dangers' of the procedure, or in other words, whether he obtained her informed consent. See White v. Leimbach, 131 Ohio St. 3d 21, 2011-Ohio-6238, 959 N.E. 2d 1033, P 46. A claim of lack of informed consent is a medical claim**. *Id.*

*Id.* at ¶ 19 (emphasis added).

Similarly, the First District held that claims against Durrani for, *inter alia*, battery and intentional infliction of emotional distress premised on Durrani's performing unnecessary surgeries for which he did not properly obtain informed consent were "medical claims" subject to the four-year statute of repose. *Crissinger v. Christ Hosp.*, 1st Dist. Hamilton Nos. C-150796, C-160157, C. 160034, C-160182, C-160053, C.160067, C. 160087, C. 160113, 2017-Ohio-9256, ¶¶ 17-19.

In 2016, the First District relied on the reasoning set forth in *Hensley* to hold that claims for negligence, fraud, violation of the OCSPA, and products liability asserted against a hospital premised on the hospital's concealment and misrepresentation of facts that resulted in plaintiffs receiving unnecessary surgeries from Durrani were "medical claims" for purposes of Ohio Rev. Code § 2305.113(C). *Young v. UC Health, West Chester Hosp., LLC*, 2016-Ohio-5526, 61 N.E 3d 34 (1st Dist.). The First District held

6

plaintiff's claims, though plead as various torts, were actually "medical claims" because they were all premised on plaintiff's lack of informed consent. *Id.* at ¶¶ 22-25.

Specifically, the *Young* court held: (1) plaintiff's allegation that Christ Hospital "intentionally concealed and/or misrepresented said material facts with the intent to defraud Plaintiff in order to induce plaintiff to undergo the surgery" was "simply an attack on Dr. Durrani's 'medical diagnosis' and an allegation of lack of informed consent;" (2) plaintiff's OCSPA claim relied on representations concerning "Dr. Durrani's qualifications as a spine surgeon and the use of Infuse/BMP-2 during surgery" and was accordingly a "dressed-up medical claim;" and (3) plaintiff' products liability claim was, in essence, a claim based on Christ Hospital's failure to warn that Infuse/BMP-2 would be used in her surgery and accordingly went to informed consent. *Id.*

Here, Plaintiffs' claims are medical claims. Just like in *Young*, Plaintiffs' claims are that "[Children's] Hospital . . . concealed and/or misrepresented said material facts" and that Plaintiffs underwent unnecessary surgeries as a result. *See Young*, 2016-Ohio-5526, at ¶ 23. Though plead as torts, Plaintiffs' claims are premised on their allegation that Children's silence concerning Durrani's wrongdoings caused Plaintiffs' to undergo "unnecessary, nonindicated" surgeries to which they did not provide informed consent. A lack of informed consent is a medical claim. *Young*, 2016-Ohio-5526 at ¶¶ 22-25.

Plaintiffs argue their claims are not medical claims because they do not arise out of <u>Children's</u> plan of care, medical diagnosis, or treatment. (Doc. 10 at 10). This argument is not availing. The Ohio Revised Code defines a medical claim as any civil

7

action against a "hospital. . . that arises out of the medical diagnosis, care, or treatment of any person." Plaintiffs' asserted this action against a hospital, and their claims very clearly "arise[] out of" Plaintiffs' "medical diagnosis, care, or treatment," in that Plaintiffs allege Children's misrepresentations and omissions caused them to receive improper medical treatment from Durrani. Because the surgeries Plaintiffs claim they underwent in reliance on Children's silence occurred more than four years ago, Plaintiffs' claims are time-barred. Ohio Revised Code § 2305.113(C).

Because the claims in Plaintiffs' proposed Amended Complaint are futile, Plaintiffs' motion for leave to assert them (Doc. 8) is **DENIED**.

### B. Plaintiffs' original Complaint is similarly barred by the statute of repose.

Having denied Plaintiffs' motion to amend, the Court turns to Children's motion to dismiss Plaintiffs' original complaint (Doc. 5). Defendants allege the sole claim asserted in the original Complaint—for fraud—is a medical claim and barred by the statute of repose.

For the reasons asserted in Section III(A), *supra*, the Court agrees. The fraud claim asserted in Plaintiffs' original complaint alleges that Children's concealed and misrepresented information about Durrani, and as a result, Plaintiffs underwent surgeries that "were all unnecessary and induced by Dr. Durrani through fraud." (Doc. 1 at ¶ 2, *see also* doc. 1 at ¶ 20 (alleging "[n]ot one of these surgeries would have taken place if Plaintiffs and the public were warned" about Durrani)). Again, allegations that a hospital's misrepresentations and concealments prevented a patient from giving informed

8

consent is a medical claim. *Young*, 2016-Ohio-5526 at ¶¶ 22-25. Accordingly, Defendants' motion to dismiss (Doc. 5) is **GRANTED**.

### IV.   CONCLUSION

The Court is cognizant that statutes of repose, by nature, may result in outcomes that are perceived as harsh. The constitutionality of Ohio's statute of repose for medical claims has been questioned (and affirmed) on multiple occasions. *See Young*, 2016-Ohio-5526 at ¶¶ 26-32; *Crissinger*, 2017-Ohio-9256 at ¶¶ 22-24. This Court's duty is to "apply the statute as the General Assembly has drafted it." *Crissinger*, 2017-Ohio-9256, at ¶ 23. Plaintiffs' claims in this case are "medical claims" under the language of Ohio Revised Code § 2305.113(C) as well as the subsequent line of Ohio cases interpreting that statute as applied to Dr. Durrani's conduct. Accordingly, Plaintiffs' claims are subject to, and barred by, Ohio's four-year statute of repose for medical claims.

For the foregoing reasons, Plaintiffs' motion to amend (Doc. 8) is **DENIED** and Defendants' motion to dismiss (Doc. 5) is **GRANTED**.[1] The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date:         3/8/19                                                                *s/ Timothy S. Black*
                                                                                             Timothy S. Black
                                                                                             United States District Judge

---

[1] Defendant's motion for a protective order and to quash subpoenas (Doc. 15) shall be terminated as moot.

9